## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**3Lions Publishing, Inc.**
    **Plaintiff,**

                                **Case No.:**

**v.**

**University of Miami**                         **JURY DEMANDED**
    **Defendant.**

_____/

## ORIGINAL COMPLAINT

Comes now the Plaintiff, 3Lions Publishing, Inc. ("Plaintiff" or "3LP") for its complaint ("Complaint") against the University of Miami ("Defendant" or "UOM")   and alleges as follows:

## INTRODUCTION

1.     This is an action for Copyright Infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ 101 et seq. (the "Copyright Act") and for Unfair Competition under 15 U.S.C. § 1125 (the "Lanham Act").

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), having its principal place of business located in Pinellas County at 1001 Starkey Rd. #18, Largo, FL 33771.

3.      Upon information and belief Defendant University of Miami is a private, non-sectarian university and a domestic non for profit corporation registered in the State of Florida doing business in this District, and globally, via its Internet websites, located at www.miami.edu with its headquarters in Dade County at 1320 South Dixie Highway, Coral Gables, Florida 33146.

4.      Upon information and belief, at all times material hereto, Defendant UOM operated through the acts of its employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

5.      This court has subject matter jurisdiction over the Complaint for the Copyright Count pursuant to 28 U.S.C. 1331 (federal question) and pursuant to the Copyright Act under 28 U.S.C. 1338(a) (copyrights) and for the Unfair Competition Count pursuant to 28 U.S.C. § 1338(b).

6.      This Court has personal jurisdiction over Defendant because Defendant's tortious acts of copyright infringement and unfair competition all occurred either directly or indirectly within this jurisdiction (and elsewhere in the State of Florida as well as throughout the United States) and Defendant has transacted business and is domiciled within this jurisdiction.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C 1391(b) and (c) because Defendant UOM resides in this judicial district, and because Defendant is subject to personal jurisdiction in this judicial district, and has conducted business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     3LP owns a website entitled the *HIPAA Survival Guide* ("HSG"), located on the Internet at www.hipaasurvivalguide.com (hereinafter referred to as "Website").

9.     The Website is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10.     The Website contains "protectable elements" afforded copyright protection, said elements include, but are not limited to, the unique written content, images, graphics, and the unique expressions set forth in the Website.

11.     3LP duly applied to the Library of Congress Copyright Office, and received a Certificate of Registration for the Website.  *See* Exhibit A, HSG U.S. Copyright registration attached hereto and incorporated herein by reference[1].

12.     3LP is the sole owner of the copyright of the Website.

13.     Subsequent to the issuance of the HSG copyright certificate, Defendant UOM infringed upon 3LP's copyright by adapting 3LP's Website content ("the Work") and releasing said adaptation for use on the Internet on Defendant's website located on the Internet at www.privacyoffice.med.miami.edu/about/hitech-act ("Infringing Content"). *See* Exhibit B, Defendant's Infringing Content.

14.     3LP became aware of Defendant's Infringing Content, on or about August 21, 2013.

15.     3LP never entered into any agreement with the Defendant that would permit Defendant to adapt or otherwise use the Work; therefore Defendant possesses no rights whatsoever in regard to any of the exclusive rights granted 3LP under the Copyright Act.

---

[1] All exhibits are attached hereto and included herein by reference.

## **DEFENDANT'S INFRINGING CONDUCT**

16.     As a direct result of Defendant's unauthorized use of the Infringing Content, Defendant unlawfully reproduced, distributed, displayed, and created a derivative of the Work, causing economic harm and actual damages to 3LP. *See generally* 17 U.S.C. § 106.

17.     Defendant's conduct, as described herein, constitutes direct copyright infringement of 3LP's rights attached to the Work under the Copyright Act. *See generally* 17 U.S.C. § 106.

18.     Upon information and belief, Defendant also used the Infringing Content to unfairly compete with 3LP, diverting Internet traffic from 3LP's Website to Defendant's website.

## **COUNT I – Copyright Infringement**
### **[Damages for Copyright Infringement 17 U.S.C. § 501(a)]**

19.     3LP incorporates by reference all the allegations in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.     3LP is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in the Work, for which an application for registration was made and a certification issued.

21.     Defendant, by using the 3LP's Work for its own economic gain, without 3LP's authorization, unlawfully reproduced, distributed, displayed and created a derivative of 3LP's Work, in violation of the enumerated rights contained in the Copyright Act. *See generally* 17 U.S.C. §§ 106 and 501.

22.     Upon information and belief, Defendant's acts of copyright infringement were willful and deliberate, in reckless disregard of 3LP's copyright, and intended for its own

economic gain, without consideration for the irreparable harm that said acts would cause 3LP.
*See* 17 U.S.C. § 504(c)(2).

## COUNT II - Unfair Competition
### [Damages for Unfair Competition Under 15 U.S.C. § 1125, § 1117]

23.     3LP incorporates by reference all the allegations in paragraphs 1 through 18 of the
Complaint as if fully set forth herein.

24.     Through many hours of diligent work, 3LP created an original Work that has been
widely published and distributed on the Internet, as evidenced by the large number of visitors
that view 3LP's Work on a daily basis.

25.     Defendant's unauthorized use of the Work constitutes unfair and unlawful
competition under 15 U.S.C. § 1125, and misrepresents an affiliation between 3LP and
Defendant.

26.     Defendant's unauthorized use of the Work has caused irreparable harm to 3LP,
and any continued display or further distribution of the Work will continue to add to the
irreparable harm already caused.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

### COUNT I – Copyright Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or
participation with Defendant from continuing to infringe Plaintiff's copyrighted Work;

(B) Order Defendant to delete and permanently remove copies of Plaintiff's copyrighted
Work from each of the computers under Defendant's possession, custody or control;

(C) Award Plaintiff statutory or actual damages in an amount to be determined during discovery and/or at trial, pursuant to 17 U.S.C. § 504(a) and (b);

(D) Award Plaintiff reasonable attorneys' fees and costs pursuant 17 U.S.C. § 505; and

(E) Grant Plaintiff any other further relief this Court deems just and proper.

## COUNT II - Unfair Competition

(A) Award actual damages and profits for Defendant's acts of Unfair Competition pursuant to 15 U.S.C. § 1117;

(B) Award Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

(C) Grant Plaintiff any other further relief this Court deems just and proper.

## Designation of Place of Trial

3LP hereby designates Miami, FL as the place of trial of the above-styled matter.

Respectfully submitted,

By: /s/ Carlos A. Leyva
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
1001 Starkey Rd. #18
Largo, FL  33771
(800) 516-7903 phone
(800) 257-9128 fax
cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR PLAINTIFF**
**3LIONS PUBLISHING INC.**